On Petition for Rehearing.
 

 PER CURIAM.
 

 In his application for rehearing, counsel for appellant has called our attention to the following erroneous statement made in the opinion: “The Police Jury answered, setting up that the entire proceeding was regular and in due form.”
 

 
 *909
 
 We erred in so stating. The police jury excepted to the petition on the ground that it set out no cause of action. The exception was sustained, and plaintiffs’ suit was dismissed.
 

 From the manner in which the case was submitted to this court, both by briefs filed and in oral argument, “it had the appearance of a trial of the case on its merits.” Counsel so states in his application for rehearing. But we feel sure, as counsel now states, that he did not intend to create that impression.
 

 However, the question whether the case was submitted on its merits or on exception of no cause of action is not material, because, as we said in our opinion, the question presented for our consideration was narrowed .to one issue, which was: “Did the proposition submitted to the voters meet the requirements of Act 17, First Extra Session of 1935, which was the Local Option Law under which the election was held?”
 

 The question was squarely presented by the pleadings and was argued both orally before the court and in briefs filed by counsel on both sides. Counsel for appellant in his brief at page 5 said: “But, as this case is directed solely at the authority and rights of the Police Jury and the manner of putting the election machinery in motion, this court certainly has jurisdiction to review this case and this question alone.”
 

 And on page 6 of counsel’s brief he states that: “If the Police Jury of Webster Parish set up the proper election machinery for calling this election and if the election machinery was properly set up, plaintiffs have no further contest over the outcome of the election and this purpose should be considered and plaintiff’s suit considered solely in the light that the Police Jury of Webster Parish failed utterly to set up the proper election machinery to hold a prohibition election in Ward 3.”
 

 The argument was made in brief and by counsel orally before the court that the reason the election machinery set up by the police jury for holding the election was defective and void was that the proposition submitted on the ballot was not in compliance with the provisions of the act. The proposition submitted, as shown by the ballot, is quoted in the brief, and counsel then say: “No court, by the wildest stretch of its imagination could say that the ballot as submitted to the voters in Ward 3 is in accordance with the definition as defined in Section 2 of Act 17 of the year 1935.”
 

 We considered and passed directly on the point raised and stressed, and further consideration of the question has not caused us to change our views. If the machinery put in motion by the police jury for holding the election was properly set up, then plaintiffs have no cause of action. That was conceded. By holding, as we did, that the proposition submitted by the police jury to the voters met the requirements of the local option act, we approved the holding of the trial judge that plaintiffs’ petition set out no cause of action.
 

 Rehearing refused.